UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCOS SENA,<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>    Respondent. | )<br>)<br>)   Civil Action No. 05-10381-DPW<br>)<br>)<br>)<br>)<br>) |

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Luis Spencer, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "Petition") as follows:

    1.    The respondent admits the factual allegations contained in paragraph 1 of the Petition.

    2.    The respondent admits the factual allegations contained in paragraph 2 of the Petition.

    3.    The respondent admits the factual allegation contained in paragraph 3 of the Petition.

    4.    The respondent admits the factual allegation contained in paragraph 4 of the Petition.

    5.    The respondent admits the factual allegations contained in paragraph 5 of the Petition.

2

6. The respondent admits the factual allegation contained in paragraph 6 of the Petition.

7. The respondent admits, on information and belief, the factual allegation contained in paragraph 7 of the Petition.

8. The respondent admits the factual allegation contained in paragraph 8 of the Petition.

9(a)-(h). The respondent admits the factual allegations contained in subparagraphs 9(a)-(h) of the Petition.

10. The respondent admits, on information and belief, the factual allegation contained in paragraph 10 of the Petition.

11. Paragraph 11 was left blank by the petitioner and therefore requires no response.

12. The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required. To the extent that paragraph 12 contains allegations of fact that do not comport with the Supreme Judicial Court's findings of fact, they are denied.

13. The respondent admits the allegations contained in subparagraph 13(a) of the petition. Subparagraph 13(b) was left blank by the petitioner and therefore requires no response.

14. The respondent admits, on information and belief, the factual allegations contained in paragraph 14 of the Petition.

15. The respondent admits, on information and belief, the factual allegations contained in subparagraphs 15.

16. The respondent admits, on information and belief, the factual allegations

3

contained in paragraph 16 of the Petition.

17.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised

4

solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). Relevant portions of the state-court record, as well as a list of available transcripts, are contained in Respondent's Supplemental Record Appendix, which is filed with this Answer.

WHEREFORE, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

5

        THOMAS F. RILEY
        Attorney General

        /s/ Daniel I. Smulow
        Daniel I. Smulow, BBO No. 641668
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200 ext. 2949

Dated: May 11, 2005

**Certificate of Service**

    I, Daniel I. Smulow, hereby certify that a true copy of the above document was served on Stephen Neyman, Esq., 160 State Street, Eighth Floor, Boston, MA 02109-2502, by first class mail, postage prepaid, on May 11, 2005.

        /s/ Daniel I. Smulow

6

**<u>Notice of Filing with Clerk's Office</u>**

Notice is hereby given that the Respondents' Supplemental Answer has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: November 22, 2004